## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS R. HENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 813 RWS |
| | ) | |
| RONNIE DUBOIS, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Thomas R. Henson's motion for leave to file this civil action without prepaying the required filing fee. (Docket No. 2). Having reviewed the financial information submitted in support, I find that the motion should be granted. See 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, I will dismiss plaintiff's complaint without prejudice.

**Legal Standard on Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), I am required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. Id. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016). See also Brown v. Green Tree Servicing LLC, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See McNeil v. United States, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff Henson is a pro se litigant who has filed a complaint that purports to be a "Civil Rights Cause Authorized by Title 18 USC 1984." (Docket No. 1 at 1). I will liberally construe this sentence to refer to 42 U.S.C. § 1983. The complaint names Ronnie Dubois as defendant. Henson alleges that Dubois is employed by the Missouri Department of Probation and Parole, and that he "is charged with fact finding and recommendations to the District Court granting of probation."

Henson states that on November 19, 2018, defendant Dubois submitted an "investigative report" at plaintiff's sentencing in State of Missouri v. Henson, No. 16WA-CR00002-01 (24th Cir., Washington County).[1] (Docket No. 1 at 2). Henson had pleaded guilty for failing to register as a sex offender.

Henson alleges that he objected to the submission of this report. He further asserts that he "will show at trial that the presentence report…contained deliberate and misleading information and that the report was submitted with malice." Indeed, plaintiff claims in a footnote that he "will show at trial that the entire report is false[,] including representations of prior convictions that do not exist." According to Henson, Dubois submitted this report with the "sole purpose" of punishing Henson for his 1984 rape conviction in California.

Henson claims that Dubois made two statements that violate his constitutional rights. First, Dubois allegedly said: "Sex offenders deserve the death penalty[,] so I help put them behind bars for as long as possible[,] even when they register." Plaintiff asserts that this statement was "recorded and documented," but he does not indicate where or when it was made. Second, Dubois also allegedly said: "Henson expressed no regret or even ownership of the charge of forcible rape."

---

[1] I have reviewed plaintiff's criminal case on Case.net, Missouri's online case management system, and I take judicial notice of these public records. See Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and Stutzka v. McCarville, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records"). According to the records on Case.net, plaintiff was charged with one count of failing to register as a sex offender on August 18, 2016. He pled guilty on September 5, 2018. On November 19, 2018, the circuit court sentenced plaintiff to a term of four years in the State Department of Corrections. However, the circuit court retained its jurisdiction and noted that it intended to consider plaintiff for probation after 120 days of shock incarceration. On March 20, 2019, the circuit court entered an order showing that plaintiff had completed the 120-day program. Thereafter, the circuit court ordered plaintiff to complete a five-year term of probation supervision commencing on March 29, 2019. Plaintiff filed a notice of appeal on March 29, 2019. The appeal was dismissed by the Missouri Court of Appeals due to plaintiff's failure to comply with Missouri Supreme Court rules. State of Missouri v. Henson, No. ED107752 (Mo. App. E.D. 2019).

(Docket No. 1 at 3). According to plaintiff, this statement was made in Dubois's presentence report, and refers to plaintiff's California rape conviction.

Plaintiff states that Dubois is not allowed to make value judgments as to the predicate offense when "that judgment will lead to retroactive punishment." He thus concludes that Dubois has violated his rights under the Fifth, Sixth, and Fourteenth Amendments.

Plaintiff seeks actual and punitive damages "consistent with the facts as revealed at trial" and "consistent with current law." (Docket No. 1 at 4).

**Discussion**

Plaintiff alleges that probation officer Dubois violated his constitutional rights in the preparation of a presentence report connected to plaintiff's conviction for failing to register as a sex offender. I must dismiss this action because Dubois is entitled to absolute immunity in preparing and submitting a presentence report.

Government officials are typically entitled to immunity from suits for damages. Ray v. Pickett, 734 F.2d 370, 371 (8th Cir. 1984). Two types of immunity have been recognized: absolute immunity and qualified immunity. Id. Absolute immunity serves to defeat a suit at the outset, if the official's actions were within the scope of the immunity. Sample v. City of Woodbury, 836 F.3d 913, 916 (8th Cir. 2016).

"The extent of immunity accorded an official depends on the official's function." Figg v. Russell, 433 F.3d 593, 599 (8th Cir. 2006). To that end, officials exercising judicial, prosecutorial, and legislative functions are entitled to absolute immunity. Id. Moreover, "nonjudicial persons who fulfill quasi-judicial functions intimately related to the judicial process have absolute immunity for damage claims arising from their performance of the delegated functions." Myers v. Morris, 810 F.2d 1437, 1466-67 (8th Cir. 1987).

In preparing a presentence report, a probation officer acts at the direction of the court. Such a report is an important part of the sentencing process and accordingly qualifies as a quasi-judicial function. At least five circuit courts have held that probation officers who prepare presentence reports are entitle to absolute immunity. See Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996) (stating that defendants making parole recommendations were absolutely immune from suit because their "tasks are similar to the ones performed by probation officers when they prepare a presentence report…In both cases, officials evaluate facts, draw legal conclusions, and make recommendations which play a significant part in the decisionmaking process"). See also Dorman v. Higgins, 821 F.2d 133, 137 (2nd Cir. 1987) (concluding "that federal probation officers preparing and furnishing presentence reports" were entitled to absolute immunity); Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1985) (holding "that probation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under section 1983 arising from acts performed within the scope of their official duties"); Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984) (determining that state probation officers were entitled to absolute immunity in preparation of presentence reports); and Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir. 1979) (holding "that a probation officer is entitled to…[absolute immunity] when preparing and submitting a presentence report in a criminal case").

Here, plaintiff's allegations against defendant Dubois are specifically directed at Dubois's preparation of a report used at plaintiff's November 19, 2018 sentencing hearing. Dubois is entitled to absolute immunity for these actions. Because absolute immunity defeats a suit at the outset, plaintiff's complaint must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of August, 2019.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE